IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00006-CV

 

Tim Johnson and Ed White,

                                                                      Appellants

 v.

 

Charles Tims, Jerry McLemore,

and Bobby E. Parker, Jr.,

                                                                      Appellees

 

 

 



From the 40th District Court

Ellis County, Texas

Trial Court # 69178

 



MEMORANDUM  Opinion



 








          Tim Johnson and Ed White filed suit
against Charles Tims, Jerry McLemore and Bobby Parker for malicious
prosecution.  In the same lawsuit, Johnson and White sued the Waxahachie
Independent School District (WISD) for claims arising out of WISD’s terminating
their employment.  Tims, McLemore, and Parker filed a plea to the jurisdiction
and a motion to dismiss.  The trial court granted the motion to dismiss and
severed the cause of action for malicious prosecution.[1] 
Johnson and White bring this appeal.

BACKGROUND

          Johnson and White were employees of
WISD.  According to their pleadings, they presented a written grievance to the
Superintendent against members of the school board. Johnson and White were
subsequently placed on administrative leave, and then were terminated.  They
appealed their termination according to WISD’s grievance policy, but the board
denied their appeal.  They allege that Parker, WISD’s Superintendent,
instructed his subordinates McLemore and Tims to report to the Waxahachie
police that Johnson and White had illegally accessed and obtained personal
information about WISD employees from the WISD computer network.  Johnson and
White were charged with third degree felony tampering with government records. 
They were later “no-billed” by a grand jury.

Exhaustion

          Tims, McLemore, and Parker filed a
plea to the jurisdiction and motion to dismiss, arguing that Johnson and White
did not exhaust their administrative remedies as required by law.  Section
22.0514 of the Texas Education Code provides: “A person may not file suit
against a professional employee of a school district unless the person has
exhausted the remedies provided by the school district for resolving the
complaint.”  Tex. Educ. Code §
22.0514 (Vernon Supp. 2004-05).  Johnson and White admit that they did not file
a grievance with WISD complaining of malicious prosecution.

          Johnson and White argue, however, that
section 22.0514 does not bar their malicious prosecution suit against Tims,
McLemore, and Parker because there were no WISD remedies to be exhausted prior
to filing suit.  Johnson and White were no longer employees at the time they
were no-billed on the tampering charges.

WISD Board Policy, under the title “Public
Complaints,” states: “Members of the public having complaints regarding the
District’s policies, procedures, or operations may present their complaints or
concerns to the Board after following the procedures defined in this policy.” 
Johnson and White argue that their malicious prosecution claim cannot be
characterized as a complaint regarding WISD’s “policies, procedures, or
operations.”  Like the trial court, we understand these to be broad categories
and do not read WISD’s policy statement to preclude a grievance arising from a
specific action taken by the Superintendent or other school officials.

          Johnson and White also argue that the
exhaustion requirement does not apply because Parker, Tims, and McLemore were
not sued as “professional employees” of WISD.  Section 22.051 of the Texas
Education Code defines “professional employee of a school district” to include superintendents
and supervisors.  Tex. Educ. Code
§ 22.051 (Vernon Supp. 2004-05).  At the time of the complaint, Parker was the
District’s superintendent, Tims was the assistant superintendent, and McLemore
was the director of athletics, safety and security.  All three were
professional employees for purposes of section 22.0514.  Johnson and White
argue that they did not sue Parker, Tims, and McLemore in their official
capacities, but as individuals acting with malice and outside the scope of
their authority as WISD employees or officials.  However, it is not clear from their
petition that Parker, Tims, and McLemore are being sued in their individual capacities
and not as employees of WISD.  The petition identifies Parker as Superintendent,
alleges that Tims and McLemore acted under Parker’s direction, and prays that
all defendants—presumably including WISD—be held jointly and severally liable
for actual damages.  See Nueces County v. Ferguson, 97 S.W.3d
205, 215 (Tex. App.—Corpus Christi 2002, no pet. h.) (“When a petition fails to
specify the capacity in which a person is sued, we will look at the ‘course of
the proceedings’ to determine the nature of the liability the plaintiff seeks
to impose.”).  Moreover, reporting suspected criminal conduct regarding school
district property to law enforcement is within the scope of employment of
professional employees of a school district.  We conclude that Johnson and
White’s malicious prosecution claim is a suit against professional employees of
a school district for the purposes of section 22.0514.  Thus, under WISD’s
“Public Complaints” policy, Johnson and White were required to present their
claims to WISD’s administrative process.

          Finally, Johnson and White argue that
the trial court erred “by, in effect, granting summary judgment on” their
malicious prosecution claim.  They cite comments by the trial court expressing
doubts about the viability of that claim.  However, the trial court’s order
granted the defendants’ motion to dismiss based on their plea to the
jurisdiction.  That motion argued that Johnson and White had failed to exhaust
their remedies under section 22.0514 of the Texas Education Code.  We find no
reason to believe the trial court dismissed their claim on other grounds.

Abatement

          Johnson and White argue that if
exhaustion is required, their cause should be abated.  Typically, when a trial
court lacks subject matter jurisdiction because an agency has exclusive
jurisdiction, the trial court must dismiss without prejudice such claims
falling within the agency’s jurisdiction.  Subaru of America, Inc. v. David
McDavid Nissan, Inc., 84 S.W.3d 212, 228 (Tex. 2002).  If a claim is not
within a court’s jurisdiction, and the impediment to jurisdiction cannot be
removed, then it must be dismissed; but if the impediment to jurisdiction could
be removed, the court may abate the proceedings to allow a reasonable
opportunity for the jurisdictional problem to be cured.  American Motorists
Insurance Company v. Fodge, 863 S.W.3d 801, 805 (Tex. 2001).  Here, the
impediment to the trial court’s jurisdiction could be removed if Johnson and
White exhaust their administrative remedies through WISD’s administrative
process.  The trial court should have abated the claim to allow Johnson and
White a reasonable opportunity to cure the jurisdictional problem.  Subaru,
84 S.W.3d at 228.   

CONCLUSION

          We reverse the trial court’s judgment
dismissing Johnson and White’s suit against Parker, Tims, and McLemore, and
remand the cause to the trial court with instructions to abate its proceedings
to allow Johnson and White to exhaust their administrative remedies with WISD.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

          (Chief
Justice Gray dissenting)

Reversed
and remanded

Opinion
delivered and filed June 29, 2005

[CV06]









    [1]       We
note that the suit from which this action was severed is also before us on
appeal.  Waxahachie Independent School District v. Johnson,
10-04-00367-CV.  We do not here express any opinion on the merits of that
appeal.