COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
 CONSTABLE LUIS
 AGUILAR,
  
                             Appellant,
  
 v.
  
  
 ALFONSO FRIAS,
  
                            
 Appellee.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
  § 
  
 
 
  
 No. 08-11-00202-CV
  
 Appeal from the
  
 346th
 District Court 
  
 of
 El Paso County, Texas 
  
 (TC#2009-4032) 
  
 
 


 

O
P I N I O N

            In this wrongful-termination case, Constable
Luis Aguilar (“Aguilar”) appeals the trial court’s order denying his plea to
the jurisdiction.  Finding no error, we
affirm.

FACTUAL
AND PROCEDURAL BACKGROUND

            Alfonso Frias (“Frias”) worked as a
deputy constable for Aguilar, until Aguilar terminated him for gross
incompetence for ordering that seized marijuana be destroyed, rather than
secured as evidence.  Frias appealed his
termination to the El Paso Civil
Service Commission (“Commission”), which ruled that Frias be reinstated
to the same position or a comparable one. 
Although the El Paso County Commissioners Court did not act on the
Commission’s ruling, the County of El Paso (“County”) offered Frias a position it
found to be comparable as an investigator in the Public Defender’s Office.  Frias, desiring to be reinstated, declined
the offer and subsequently sued the County and Aguilar for wrongful
discharge.  Both the County and Aguilar
filed pleas to the jurisdiction.  Following
a hearing, the trial court granted the County’s plea to the jurisdiction, but
denied Aguilar’s.  This interlocutory
appeal followed.

Standard of Review

In performing our de novo review of the trial court’s
denial of Aguilar’s plea to the jurisdiction, we do not look to the merits of
Frias’s case, but consider only his pleadings and other pertinent evidence to
determine whether the trial court had subject matter jurisdiction.  See Tex.
Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004); County of Cameron v. Brown, 80 S.W.3d
549, 555 (Tex. 2002).  We construe
Frias’s pleadings liberally in his favor and look to his intent.  See Miranda,
133 S.W.3d at 226.

Capacity

In his first issue, Aguilar argues that the
trial court should have granted his plea to the jurisdiction because he was
sued in his official, rather than his individual capacity.

A plaintiff may sue a government employee in
his or her official capacity, individual capacity, or both.  City of
El Paso v. Heinrich, 284 S.W.3d 366, 373 n.7 (Tex. 2009).  A suit against a governmental employee in his
official capacity is essentially a suit against the governmental agency the
person works for, rather than a suit against the individual.  Tex. A
& M Univ. Sys. v. Koseoglu, 233 S.W.3d 835, 844 (Tex. 2007).  On the other hand, a suit against a
government employee in his individual capacity seeks to impose personal
liability on the individual.  Nueces County v. Ferguson, 97 S.W.3d
205, 213-14 (Tex.App.--Corpus Christi 2002, no pet.).

In his second amended petition, Frias did not
expressly state whether he was suing Aguilar in his official capacity,
individual capacity, or both.  However, on appeal, Frias contends that he
sued Aguilar in his individual capacity. 
Aguilar, on the other hand, argues that the course of proceedings
demonstrates that he was sued in his official and not his individual
capacity.  See Ferguson, 97 S.W.3d at
215 (holding that when petition does not specify in what capacity a government
official is sued, courts look at the “course of proceedings” to determine
nature of suit)(citations and footnote omitted).

In Ferguson,
an employee of the Nueces County Sheriff’s Department sued Nueces County and
Nueces County Sheriff Larry Olivarez for their failure to promote him to a
position he applied for and to reinstate him following his termination.  Ferguson,
97 S.W.3d at 211-12.  The plaintiff did
not specify the capacity in which he sued Sheriff Olivarez, but the court
concluded that Sheriff Olivarez had been sued in his official capacity.  Id. at
215-16.  In reaching its decision, the
court focused on four facts.  First, the
court noted that Ferguson identified Sheriff Olivarez as “Defendant, LARRY
OLIVAREZ, SHERIFF” and referred to him throughout the petition as “Sheriff
Olivarez” or “Sheriff.”  Id. at 215.  Second, the court observed that Ferguson did
not allege that the actions he complained of were acts outside the scope of
Sheriff Olivarez’s authority as sheriff. 
Id. at 216.  Third, Ferguson made the same complaints
against Nueces County as he did against Sheriff Olivarez and his petition contemplated
that Nueces County, not Sheriff Olivarez personally, was liable for any
judgment recovered.  Id.  And finally, it was
significant to the court that Ferguson did not serve Sheriff Olivarez
personally, in any capacity, but instead served only Nueces County.  Id.

Aguilar contends that Frias does not refer to
Aguilar individually in his second amended petition, but names him as
“Defendant Luis Aguilar, El Paso County Constable for Precinct 4.”  However, contrary to Aguilar’s contention,
Frias identifies the defendants as the “County of El Paso, Texas, and Luis
Aguilar.”  And while Frias identifies
Aguilar as the Constable for Precinct 4 , he does not refer to him in the
petition as “Constable Aguilar” or “Constable,” but rather as “Defendant Luis
Aguilar,” “Defendant,” or “Defendants.” 
This is unlike the situation in Ferguson
where the plaintiff referred to Nueces County Sheriff Larry Olivarez as
“Sheriff Olivarez” or “Sheriff” throughout his petition.  See Ferguson,
97 S.W.3d at 215.

Aguilar next argues that Frias did not allege
that Aguilar acted outside the course and scope of his duties as Constable for
Precinct 4, and that Frias could not make such an allegation because Aguilar’s
failure to reinstate Frias was an action he could have only taken in his
official capacity.  However, government
employees can be individually liable for their own torts or their failure to
discharge mandatory duties, even when committed in the course of employment, and
suit may be brought against a government employee in the employee’s individual
capacity.  Franka v. Velasquez, 332 S.W.3d 367, 383 (Tex. 2011)(internal
quotation marks and citation omitted).  While
Frias did not specifically allege that Aguilar acted outside the scope of his
duties as constable, it is evident from the facts and causes of action asserted
in Frias’s second amended petition that Frias is suing Aguilar for his failure
to comply with the law, specifically, his failure to reinstate Frias.

Aguilar also contends that Frias’s complaints
against the County and Aguilar were the same inasmuch as Frias alleged globally
that the “Defendants,” rather than Aguilar, were culpable.  However, unlike the plaintiff in Ferguson who sought to hold only Nueces
County liable, it is clear that Frias seeks to hold both the County and Aguilar,
individually responsible.  See Ferguson, 97 S.W.3d at 216.

Finally, we note that Frias served both the
County and Aguilar, as opposed to the plaintiff in Ferguson who served only Nueces County.  See Ferguson,
97 S.W.3d at 216.  We conclude that the
course of proceedings demonstrate that Frias sued Aguilar in both his official
and individual capacity and the trial court did not err in denying Aguilar’s
plea to the jurisdiction.  Aguilar’s
first issue is overruled.

EXHAUSTION
OF ADMINISTRATIVE REMEDIES

            In his second issue,
Aguilar argues that the trial court erred when it denied his plea to the
jurisdiction for the reasons that Frias failed to exhaust his administrative
remedies prior to filing the instant suit.

            Citing Thomas v. Long, 207 S.W.3d 334, 340
(Tex. 2006), Aguilar contends that once the Civil Service Commission ruled that
Frias be reinstated or placed in a comparable position, Frias was obligated to
obtain a decision from the Commission on Aguilar’s failure to do so.  In Thomas,
the Harris County Sheriff terminated Long’s employment as a jailer for
violating the employee conduct manual.  Thomas, 207 S.W.3d at 336.  Long appealed her termination to the Harris
County Sheriff’s Department Civil Service Commission, which ruled in her favor
and ordered the sheriff to reinstate her. 
Id.  The sheriff elected not reinstate her, but
instead informed her that she had to complete a physical ability test before
she could return to work.  Id. 
Long refused to take the test and subsequently sued the sheriff in state
district court.  Id.  The Supreme Court held
that the trial court lacked subject matter jurisdiction over Long’s
reinstatement claim, concluding
that Long should have gone back to the Commission to obtain a ruling relative
to the sheriff’s refusal to reinstate her unless she completed the test.  Id.
at 342.

            Thomas is distinguishable in one
important respect and is therefore not controlling.  As demonstrated above, the sheriff in Thomas conditioned the plaintiff’s
reinstatement on her completion of a physical ability test.  By undertaking such action, the sheriff placed
the onus upon Long to take the test or forego reinstatement.  The court determined that it was incumbent upon
Long to seek clarification from the Commission
as to whether the sheriff had the authority to place conditions on her
reinstatement.  Thomas, 207 S.W.3d at 342.

Here, Frias
obtained a favorable ruling from the Commission.  Frias had only to decide whether to accept or
decline the comparable position offered to him. 
Desiring reinstatement, he declined the County’s offer of what it
believed to be a comparable position.  He
needed no clarification from the Commission. 
There were no further administrative remedies to exhaust.

The trial court did not err in denying Aguilar’s
plea to the jurisdiction based on failure to exhaust administrative remedies.  Issue Two is overruled.

CONCLUSION

            The
trial court’s order denying Aguilar’s plea to the jurisdiction is affirmed.

 

 

March 21, 2012

                                                                        CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.