COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CONSTABLE LUIS AGUILAR, | § | No. 08-11-00202-CV |
| Appellant, | § | Appeal from the |
| v. | § | 346th District Court |
| | § | |
| ALFONSO FRIAS, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC#2009-4032) |
| | § | |

**O P I N I O N**

In this wrongful-termination case, Constable Luis Aguilar ("Aguilar") appeals the trial court's order denying his plea to the jurisdiction. Finding no error, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Alfonso Frias ("Frias") worked as a deputy constable for Aguilar, until Aguilar terminated him for gross incompetence for ordering that seized marijuana be destroyed, rather than secured as evidence. Frias appealed his termination to the El Paso Civil Service Commission ("Commission"), which ruled that Frias be reinstated to the same position or a comparable one. Although the El Paso County Commissioners Court did not act on the Commission's ruling, the County of El Paso ("County") offered Frias a position it found to be comparable as an investigator in the Public Defender's Office. Frias, desiring to be reinstated, declined the offer and subsequently sued the County and Aguilar for wrongful discharge. Both the County and Aguilar filed pleas to the jurisdiction. Following a hearing, the trial court granted the County's plea to the jurisdiction, but denied Aguilar's. This interlocutory appeal followed.

**Standard of Review**

In performing our *de novo* review of the trial court's denial of Aguilar's plea to the jurisdiction, we do not look to the merits of Frias's case, but consider only his pleadings and other pertinent evidence to determine whether the trial court had subject matter jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). We construe Frias's pleadings liberally in his favor and look to his intent. *See Miranda*, 133 S.W.3d at 226.

**Capacity**

In his first issue, Aguilar argues that the trial court should have granted his plea to the jurisdiction because he was sued in his official, rather than his individual capacity.

A plaintiff may sue a government employee in his or her official capacity, individual capacity, or both. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.7 (Tex. 2009). A suit against a governmental employee in his official capacity is essentially a suit against the governmental agency the person works for, rather than a suit against the individual. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007). On the other hand, a suit against a government employee in his individual capacity seeks to impose personal liability on the individual. *Nueces County v. Ferguson*, 97 S.W.3d 205, 213-14 (Tex.App.--Corpus Christi 2002, no pet.).

In his second amended petition, Frias did not expressly state whether he was suing Aguilar in his official capacity, individual capacity, or both. However, on appeal, Frias contends that he sued Aguilar in his individual capacity. Aguilar, on the other hand, argues that the course of proceedings demonstrates that he was sued in his official and not his individual capacity. *See*

2

*Ferguson*, 97 S.W.3d at 215 (holding that when petition does not specify in what capacity a government official is sued, courts look at the "course of proceedings" to determine nature of suit)(citations and footnote omitted).

In *Ferguson*, an employee of the Nueces County Sheriff's Department sued Nueces County and Nueces County Sheriff Larry Olivarez for their failure to promote him to a position he applied for and to reinstate him following his termination. *Ferguson*, 97 S.W.3d at 211-12. The plaintiff did not specify the capacity in which he sued Sheriff Olivarez, but the court concluded that Sheriff Olivarez had been sued in his official capacity. *Id.* at 215-16. In reaching its decision, the court focused on four facts. First, the court noted that Ferguson identified Sheriff Olivarez as "Defendant, LARRY OLIVAREZ, SHERIFF" and referred to him throughout the petition as "Sheriff Olivarez" or "Sheriff." *Id.* at 215. Second, the court observed that Ferguson did not allege that the actions he complained of were acts outside the scope of Sheriff Olivarez's authority as sheriff. *Id.* at 216. Third, Ferguson made the same complaints against Nueces County as he did against Sheriff Olivarez and his petition contemplated that Nueces County, not Sheriff Olivarez personally, was liable for any judgment recovered. *Id.* And finally, it was significant to the court that Ferguson did not serve Sheriff Olivarez personally, in any capacity, but instead served only Nueces County. *Id.*

Aguilar contends that Frias does not refer to Aguilar individually in his second amended petition, but names him as "Defendant Luis Aguilar, El Paso County Constable for Precinct 4." However, contrary to Aguilar's contention, Frias identifies the defendants as the "County of El Paso, Texas, and Luis Aguilar." And while Frias identifies Aguilar as the Constable for Precinct 4 , he does not refer to him in the petition as "Constable Aguilar" or "Constable," but

3

rather as "Defendant Luis Aguilar," "Defendant," or "Defendants."   This is unlike the situation in *Ferguson* where the plaintiff referred to Nueces County Sheriff Larry Olivarez as "Sheriff Olivarez" or "Sheriff" throughout his petition.   *See Ferguson,* 97 S.W.3d at 215.

Aguilar next argues that Frias did not allege that Aguilar acted outside the course and scope of his duties as Constable for Precinct 4, and that Frias could not make such an allegation because Aguilar's failure to reinstate Frias was an action he could have only taken in his official capacity. However, government employees can be individually liable for their own torts or their failure to discharge mandatory duties, even when committed in the course of employment, and suit may be brought against a government employee in the employee's individual capacity.   *Franka v. Velasquez*, 332 S.W.3d 367, 383 (Tex. 2011)(internal quotation marks and citation omitted). While Frias did not specifically allege that Aguilar acted outside the scope of his duties as constable, it is evident from the facts and causes of action asserted in Frias's second amended petition that Frias is suing Aguilar for his failure to comply with the law, specifically, his failure to reinstate Frias.

Aguilar also contends that Frias's complaints against the County and Aguilar were the same inasmuch as Frias alleged globally that the "Defendants," rather than Aguilar, were culpable. However, unlike the plaintiff in *Ferguson* who sought to hold only Nueces County liable, it is clear that Frias seeks to hold both the County and Aguilar, individually responsible.   *See Ferguson*, 97 S.W.3d at 216.

Finally, we note that Frias served both the County and Aguilar, as opposed to the plaintiff in *Ferguson* who served only Nueces County.   *See Ferguson*, 97 S.W.3d at 216.   We conclude that the course of proceedings demonstrate that Frias sued Aguilar in both his official and

4

individual capacity and the trial court did not err in denying Aguilar's plea to the jurisdiction. Aguilar's first issue is overruled.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

In his second issue, Aguilar argues that the trial court erred when it denied his plea to the jurisdiction for the reasons that Frias failed to exhaust his administrative remedies prior to filing the instant suit.

Citing *Thomas v. Long*, 207 S.W.3d 334, 340 (Tex. 2006), Aguilar contends that once the Civil Service Commission ruled that Frias be reinstated or placed in a comparable position, Frias was obligated to obtain a decision from the Commission on Aguilar's failure to do so. In *Thomas*, the Harris County Sheriff terminated Long's employment as a jailer for violating the employee conduct manual. *Thomas,* 207 S.W.3d at 336. Long appealed her termination to the Harris County Sheriff's Department Civil Service Commission, which ruled in her favor and ordered the sheriff to reinstate her. *Id*. The sheriff elected not reinstate her, but instead informed her that she had to complete a physical ability test before she could return to work. *Id*. Long refused to take the test and subsequently sued the sheriff in state district court. *Id*. The Supreme Court held that the trial court lacked subject matter jurisdiction over Long's reinstatement claim, concluding that Long should have gone back to the Commission to obtain a ruling relative to the sheriff's refusal to reinstate her unless she completed the test. *Id*. at 342.

*Thomas* is distinguishable in one important respect and is therefore not controlling. As demonstrated above, the sheriff in *Thomas* conditioned the plaintiff's reinstatement on her completion of a physical ability test. By undertaking such action, the sheriff placed the onus upon Long to take the test or forego reinstatement. The court determined that it was incumbent upon

Long to seek clarification from the Commission as to whether the sheriff had the authority to place conditions on her reinstatement. *Thomas*, 207 S.W.3d at 342.

Here, Frias obtained a favorable ruling from the Commission. Frias had only to decide whether to accept or decline the comparable position offered to him. Desiring reinstatement, he declined the County's offer of what it believed to be a comparable position. He needed no clarification from the Commission. There were no further administrative remedies to exhaust.

The trial court did not err in denying Aguilar's plea to the jurisdiction based on failure to exhaust administrative remedies. Issue Two is overruled.

## CONCLUSION

The trial court's order denying Aguilar's plea to the jurisdiction is affirmed.


March 21, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.