

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00063-CV

KIMBERLY NEWMAN, Appellant

V.

MILDRED L. BRYAN, Appellee

On Appeal from the 76th District Court
Titus County, Texas
Trial Court No. 36984

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

## I.     Background

After having taught school for the Mount Pleasant Independent School District (MPISD) for most of her adult life, Mildred L. Bryan chose to retire in May 2011. To that end, Bryan contacted Kimberly Newman, a benefits coordinator for the school district, to determine her monthly retirement income based on a retirement date of May 31, 2011. In accordance with Bryan's request, Newman provided her with an estimate of benefits.[1] The estimate of benefits, calculated under a retirement date of May 31, 2011, reflected an estimated standard annuity of $5,520.65 per month. On August 8, 2011, Bryan submitted her application for service retirement, reflecting a retirement date of August 31, 2011. Bryan alleges Newman filled out the application for service retirement for her, and in doing so, listed an incorrect retirement date. Bryan contends she informed Newman that she wished to retire on May 31, 2011.

Bryan sued Newman, alleging that Newman was negligent in the completion of Bryan's application for service retirement by stating an incorrect service retirement date of August 31, 2011. Bryan claims this error resulted in damages equaling the sum of three missed retirement checks for June through August 2011.[2] These damages could have been avoided, Bryan contends, if Newman would have listed Bryan's retirement date as May 31, 2011, as Bryan requested.[3]

---

[1]This document, captioned "Service Retirement Estimate of Benefits With Partial Lump-Sum Option," appears to have been prepared by the Teacher Retirement System of Texas (TRS 25L).

[2]Bryan did not sue the MPISD.

[3]The lawsuit also includes a claim for breach of fiduciary duty.

Newman filed a plea to the jurisdiction alleging the trial court was without subject-matter jurisdiction because Newman has "official, governmental, qualified, and/or good faith immunity from Plaintiff's allegations." Newman filed an answer, subject to her jurisdictional plea, wherein she also asserted immunity as an affirmative defense to the claims against her. In briefing submitted to the trial court, Newman claimed the court lacked subject-matter jurisdiction over the case because Newman was immune from Bryan's allegations. Accordingly, she claimed entitlement to an immediate dismissal of the lawsuit. After a hearing, the trial court denied Newman's plea to the jurisdiction. Newman brings this interlocutory appeal claiming "the trial court should have granted Newman's plea to the jurisdiction because she is immune from suit."

## II. Analysis

### A. Appellate Jurisdiction Over Newman's Interlocutory Appeal

We are required to review sua sponte issues affecting our appellate jurisdiction. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam). "Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides such jurisdiction." *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) (citing *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998)). The question of jurisdiction is a question of law, which we review de novo. *Koseoglu*, 233 S.W.3d at 840.

Newman's notice of interlocutory appeal asserts that the appeal is taken pursuant to Section 51.014(a)(5) and (a)(8) of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5), (8) (West Supp. 2012). "We strictly construe Section 51.014(a) as 'a narrow exception to the general rule that only final judgments are appealable.'"

*Koseoglu*, 233 S.W.3d at 841 (quoting *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001)).

> A person may appeal from an interlocutory order of a district court, county court at law, or county court that:
>
> . . . .
>
> (5)    denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state;
>
> . . . .
>
> (8)    grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001;
>
> . . . .

TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5), (8).

We conclude we have jurisdiction to hear this interlocutory appeal under Section 51.014(a)(8). As quoted above, that section permits an interlocutory appeal from a grant or denial of a plea to the jurisdiction by a governmental unit.

Section 101.001 of the Texas Civil Practice and Remedies Code defines "governmental unit" as a political subdivision of the state, including a school district. TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(B) (West Supp. 2012). Newman is an employee of a governmental unit—the MPISD. And, as explained below, she was sued in her official capacity as the MPISD's financial benefits advisor. "A suit against a state official in [her] official capacity 'is not a suit against the official personally, for the real party in interest is the entity.'" *Koseoglu*, 233 S.W.3d at 844 (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Based on this

4

premise, the Texas Supreme Court has determined that "[a] person sued in an official capacity should be able to appeal the denial of a jurisdictional plea in the same way as [her] employing governmental unit because both defendants' interests in pleading sovereign immunity are identical." *Id*. at 845. Here, Newman's plea to the jurisdiction was denied. In accordance with *Koseoglu*, this Court has jurisdiction to hear Newman's interlocutory appeal under Section 51.014(a)(8). Accordingly, we need not consider whether Newman's appeal is permitted by Section 51.014(a)(5).

### B.      Standard of Review

A plea to the jurisdiction challenges the trial court's authority to determine the subject-matter of the action. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Whether a trial court has subject-matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). "Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject-matter jurisdiction is a question of law reviewed *de novo*." *Id.* We construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept the pleadings' factual allegations as true. *Id.*

When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000) (confining evidentiary review of evidence relevant to jurisdictional issues). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Miranda*, 133 S.W.3d at 228. If the evidence creates a fact question

5

regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact question will be resolved by the fact-finder. *Id.* at 227–28; *Blue,* 34 S.W.3d at 555. If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, however, the trial court rules on the plea to the jurisdiction as a matter of law. *Miranda,* 133 S.W.3d at 227–28; *Blue,* 34 S.W.3d at 555. This standard "generally mirrors that of a summary judgment under [Rule 166a(c)]." *Miranda*, 133 S.W.3d at 228.

## C. Capacity

Newman contends she was sued in her official capacity as a financial benefits advisor for the MPISD.[4] A plaintiff may sue a government employee in his or her official capacity, individual capacity, or both. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.7 (Tex. 2009). An official capacity suit is essentially a suit against the governmental agency for which the person works rather than a suit against the individual. *Koseoglu*, 233 S.W.3d at 844. Conversely, a suit against a government employee in his individual capacity seeks to impose personal liability on the individual. *Aguilar v. Frias*, 366 S.W.3d 271, 273 (Tex. App.—El Paso 2012, pet. denied). If an employee is sued in his official capacity, that employee may raise any defense that would be available to his employer, including the defense of sovereign immunity.

---

[4]This precise argument appears for the first time in Newman's reply brief. "The appellant may file a reply brief addressing any matter in the appellee's brief." TEX. R. APP. P. 38.3. In her brief, Bryan contends that Newman's acts were "proprietary in nature," and since the MPISD cannot claim governmental immunity for acts that are proprietary in nature, neither can Newman claim official immunity for performance of acts that are proprietary in nature. In response to this argument, Newman explains the background of the case, contending that the original petition alleges acts performed in Newman's official capacity as a financial benefits advisor for the school district. Newman's initial brief covered the issue of official immunity quite extensively. While it would have been preferable to have discussed the issue of official capacity in her initial brief, we will consider it as a response to matters raised in Bryan's brief.

6

In her petition, Bryan did not specifically state that her suit was brought against Newman in Newman's official capacity. When a petition fails to specify the capacity in which a person is being sued, we look to the "course of the proceedings" to determine the nature of the liability the plaintiff seeks to impose. *Terrell v. Sisk*, 111 S.W.3d 274, 281 n.5 (quoting *Nueces Cnty. v. Ferguson*, 97 S.W.3d 205, 215 (Tex. App.—Corpus Christi 2002, no pet.)).

We have reviewed the pleadings in detail. The original petition names "Kimberly Newman" as the defendant. However, the petition alleges that "[t]he defendant is an individual and a financial benefits advisor for the Mount Pleasant Independent School District . . . ." Bryan alleges that she consulted Newman "in the latter's professional capacity as a financial benefits advisor, at the defendant's office, seeking advice in the preparation of the plaintiff's Application for Service Retirement from the Teacher Retirement System of Texas. The defendant agreed to assist in the preparation of the Teacher Retirement System documents." Bryan further claims that Newman was negligent in completing the application, which Newman submitted on Bryan's behalf to the Teacher Retirement System of Texas.

None of the claims alleged against Newman involve any act by Newman performed outside of her role as the financial benefits advisor for the school district. We find no allegations which are directed at actions taken outside of that capacity. Bryan clearly alleges she visited Newman in her "professional capacity as Financial Benefits advisor" at Newman's office. The actions alleged to be negligent were performed by Newman during the course of that visit. All allegations of negligence by Newman were for actions she was able to take only because of her position as a financial benefits advisor for the MPISD. Further, Bryan does not allege in the

7

petition that the actions of which she complains were outside the scope of Newman's authority as a financial benefits advisor. Under these circumstances, we conclude that a fair reading of the petition is that Newman was sued in her official capacity as a financial benefits advisor for the MPISD.

### D. Newman's Entitlement to Immunity

A suit against a government employee in her official capacity is a suit against her government employer. *Franka v. Velasquez*, 332 S.W.3d 367, 382 (Tex. 2011).[5] The doctrine of governmental immunity protects political subdivisions of the State from lawsuits for damages absent a waiver of immunity or legislative consent to sue. *Ross v. Linebarger, Goggan, Blair & Sampson, L.L.P.*, 333 S.W.3d 736, 744–45 (Tex. App.—Houston [1st Dist.] 2010, no pet.). It is undisputed that the MPISD is a governmental unit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(B) (defining governmental unit as including "a political subdivision of this state, including any city, county, [and] school district"). Because Bryan sued Newman as a governmental agent in [her] official capacity, Newman is entitled to assert the governmental immunity enjoyed by the school district. *See Koseoglu*, 233 S.W.3d at 843–44. "If an individual is sued in his official capacity, the ]employee may raise any defense that would be available to

---

[5]The sole exception to this rule is an action alleging that the employee acted ultra vires. *Velasquez*, 332 S.W.3d at 382; *Heinrich*, 284 S.W.3d at 372–73 ("[S]uits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity, even if a declaration to that effect compels the payment of money. To fall within this *ultra vires* exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act. . . . [T]he rule that *ultra vires* suits are not 'suit[s] against the State within the rule of immunity of the State from suit' derives from the premise that the 'acts of officials which are not lawfully authorized are not acts of the State.'" (quoting *Cobb v. Harrington*, 190 S.W.2d 709, 712 (Tex. 1945)). Bryan's briefing could be interpreted to claim that Newman acted outside of her official capacity. Such an assertion is not supported, however, by Newman's original petition (her only live pleading), which did not allege an ultra vires claim. Such assertion is also contrary to Bryan's position that her suit against Newman is an individual-capacity suit.

his employer, including the defense of sovereign immunity." *Cloud v. McKinney*, 228 S.W.3d 326, 333 (Tex. App.—Austin 2007, no pet.). An employee of a governmental unit, acting within the course and scope of her employment, has the same immunity as the governmental unit. *City of N. Richland Hills v. Friend*, 370 S.W.3d 369, 373 (Tex. 2012) ("The doctrine of governmental immunity protects the public fisc by prohibiting suits against governmental units (or their employees acting within the scope of their employment) except in narrow circumstances prescribed by statute."); *see also Bates v. Dallas Indep. Sch. Dist.*, 952 S.W.2d 543, 551 (Tex. App.—Dallas 1997, writ denied) ("Trustees and agents of a school district, while acting in an official capacity, enjoy the same governmental immunity as does the school district.").

Whether a governmental entity is immune from tort liability for a particular claim depends entirely upon statute. *Dallas Cnty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998); *Ollie v. Plano Indep. Sch. Dist.*, 383 S.W.3d 783, 790 (Tex. App.— Dallas 2012, pet. denied). The Texas Tort Claims Act (TTCA) provides a limited waiver of immunity for certain suits against governmental entities and caps recoverable damages. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.023 (West 2011). To the extent that liability arises from the "use of a motor-driven vehicle or motor-driven equipment" or from "a condition or use of tangible personal or real property" the TTCA effects a waiver of liability. *Id.* § 101.021. For a school district, the TTCA's waiver of immunity is more limited and includes "only tort claims involving the use or operation of motor vehicles." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 656 (Tex. 2008); *see also* TEX. CIV. PRAC. & REM. CODE

9

ANN. § 101.051 (West 2011) ("Except as to motor vehicles, this chapter does not apply to a school district or to a junior college district.").

A plea to the jurisdiction asserts that the factual allegations in the plaintiff's pleadings, when taken as true, fail to invoke the court's jurisdiction. *Los Fresnos Consol. Indep. Sch. Dist. v. Southworth*, 156 S.W.3d 910, 914 (Tex. App.—Corpus Christi 2005, pet. denied). Here, as previously discussed, every allegation in Bryan's petition relates to actions taken by Newman in the course and scope of her duties as a financial benefits advisor for the MPISD. The petition fails to allege facts sufficient to invoke a waiver of immunity. *See, e.g., Miranda*, 133 S.W.3d at 229–30. The petition, thus, fails to demonstrate the trial court's subject-matter jurisdiction. We, therefore, conclude that the trial court erred in overruling Newman's plea to the jurisdiction.

## III. Conclusion

We reverse the judgment of the trial court and render judgment in favor of Newman on her plea to the jurisdiction.

Jack Carter
Justice

Date Submitted:     September 12, 2013
Date Decided:       October 9, 2013

10