ACCEPTED
03-14-00644-CV
4872647
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/13/2015 8:46:24 PM
JEFFREY D. KYLE
CLERK

**No. 03-14-00644-CV**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/13/2015 8:46:24 PM
JEFFREY D. KYLE
Clerk

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

JOSE A. PEREZ

Appellant

Vs.

TEXAS MEDICAL BOARD and  MARI ROBINSON JD, in her Official Capacity

Appellees.

Appeal from the 53rd Judicial District Court
Travis County , Texas

Appellant's Reply Brief

Jose A. Perez
34 Candle Pine Place
The Woodlands, TX 77381
theaesculapius@gmail.com
281-673-0452

Oral Argument Waived

## Identity of Parties and Counsel

**Appellant/Plaintiff**

    Jose A. Perez, Proceeding pro se

**Appellees/Defendants**

    Texas Medical Board

    Mari Robinson, executive director, in her Official Capacity

Counsel for Appellees

Ted A Ross, Esq
Assistant Attorney General
PO Box 12548
Austin, TX 78711-2548

# TABLE OF CONTENTS

Identity of Parties and Counsel..................................................................2

Table of Contents.................................................................................3

Index of Authorities..............................................................................3

Summary of the Argument .........................................................................7

Argument ........................................................................................8

Prayer ..........................................................................................18

Certificate of Service ..........................................................................18

Tex R. App. P. 9.4(i)(3) Certificate of Compliance………………………………18

## Index Of Authorities

### Cases

Amarillo Oil Co. v. Energy-Agri Prods., Inc.,
  794 S.W.2d 20, 26 (Tex. 1990)…………………………………………………16

*Aguilar v. Frias*,
  366 SW 3d 271,  273 (Tex. App.—El Paso 2012, pet. denied)…………………17

A.R. Logan v. The State,
 5 Texas Court Of Appeals 306 (Tyler-1878)………………………………………..14

California Utilities Commission v. United States,
355 U.S. 534,  540, 2 L. Ed. 2d 470, 78 S. Ct. 446 (1958)………………………..11

Chandler v. Miller,
  520 U. S. 305, 308 (1997)………………………………………………………13

City of Beaumont v. Bouillion,
   896 S.W.2d 143, 148 (Tex. 1995)…………………………………………………15

Cox v. Robison,
   150 S.W. 1149, 1151 (Tex. 1912)………………………………………………14

Damico v. California,
   389 U.S. 416, 19 L. Ed. 2d 647 , 88 S. Ct. 526 (1967)(per curiam)……………16

ElderCare Properties, Inc. v. Texas Department of Human Services,
   63 S.W.3d 551 (Tex. App. Dist.3 12/06/2001)…………………………………11

Hamilton v Washington,
   NO. 03-11-00594-CV (3rd DCA - December 23, 2014)………………………...17

Jones v. Ross,
   173 S.W.2d 1022, 1024 (Tex. 1943)……………………………………………15

Kentucky v. Graham,
   473 U.S. 159, 165 (1985)………………………………………………………17

Gutierrez vs. Portfolio Recovery Associates, LLC,
   NO. 03-13-00311-CV  (3rd DCA- February 26, 2015)…………………………...9

McNeese v. Board of Educ., Community Unit Sch. Dist. 187, 373 U.S. 668, 670-
71, 10 L.Ed.2d 622, 83 S.Ct. 1433, (1963)……………………………………..16

Newman v. Bryan,
   06-13-00063-CV (Tex.App. Dist.6 10/09/2013)………………………………..17

Railroad Commission of Tex. v. WBD Oil & Gas Co.,
   104 S.W.3d 69 (Tex. 2003)……………………………………………………10

Republican Party of Texas v. Dietz,
   940 S.W.2d 86, 91 (Tex. 1997)………………………………………………14

Rodriguez v. Service Lloyds Ins. Co.,
   997 S.W.2d 248 (Tex. 1999)……………………………………………………10

Satterfield v. Crown Cork & Seal Co., Inc.,
   268 S.W.3d 190 (Tex.App. Dist.3 08/29/2008)…………………………………………15

Scott v. Texas State Board of Medical Examiners,
   384 S.W.2d 686, 690 (Tex. Sup. Ct -  1964)…………………………………………12

Schulz v. Schulz,
   726 S.W.2d 256, 258 (Tex. App.--Austin 1987, no writ)………………………...9

State v. Holland,
221 S.W.3d 639, 643 (Tex. 2007)………………………………………………………17

Southern Ohio Coal Co. v. Donovan,
   774 F.2d 693 (6th Cir. 10/02/1985) ……………………………………………………11

Scott v. Texas State Board of Medical Examiners,
   384 S.W.2d 686, 690 (Tex. Sup. Ct -  1964) …………………………………………...12

Spann v. City of Dallas,
    111 Tex. 350, 235 SW 513,  514 (1921)…………………………………………………12

Tatro v. Texas,
   703 F.2d 823 (5th Cir. 04/25/1983)…………………………………………………..18

Travelers Ins. Co. v. Marshall,
    76 S.W.2d 1007, 1011-12 (Tex. 1934)…………………………………………………15

Texas Department of Insurance v. Reconveyance Services, Inc.
 306 S.W.3d 256 (Tex. 2010)…………………………………………………………..11

Texas Education Agency v Cypress Fairbanks,
 830 S.W.2d 88 (May 6, 1992) …………………………………………………………...16

Texas State Board of Pharmacy v. Witcher,
   447 S.W.3d 520 (3rd DCA - October 31, 2014)………………………………………10

 The State v James A. Goldman,
    44 Tex. 104 (1875)……………………………………………………………………12

Thomas v. Long,
 207 SW 3d 334, 340 (Tex-2006)…………………………………………………17

WBD Oil & Gas Company v. Railroad Commission of Texas,
 35 S.W.3d 34, 35 S.W.3d 34 (Tex.App. 02/04/1999) …………………………16

Westheimer ISD v. Brockette,
 567 SW 2d 780 , 785 (Tex. 1978)…………………………………………………..9

Williams v. Castleman,
 247 S.W. 263, 265 (Tex. 1922)……………………………………………………14

World Co. v. Dow,
 116 Tex. 146, 287 S.W. 241, 243 (Tex. Comm'n App.1926, opinion adopted)….9

## US Constitution

 Fourth Amendment…………………………………………………………...13

## US Statutes

 42 USC 1983………………………………………………………………...17

## Texas Constitution

 Article XVI, Section 31……………………………………………………13, 14

 art. I, § 2…………………………………………………………………...14

## Texas Statutes

 ultra vires act…………………………………………………………………….17

 Tex.Rev.Civ.Stat.Ann. art. 4495b § 3.07(i)
 (Vernon Supp. 1982-1983)……………………………………………………12

## Texas Rules of Civil Procedure

 Tex. R. Civ. P. 45…………………………………………………………………9

Tex. R. Civ. P. 47…………………………………………………………………….9

**Miscellaneous**

Black's Law Dictionary 311 (6th ed. 1990)…………………………………….14

Kenneth C. Davis, Administrative Law Treatise § 19.01, at 373 (1972)……….16

Separation of Powers under the Texas Constitution , Texas Law Review, Vol 68, #7, June 1990, by Harold H. Bruff, Esq, Law Professor, University of Texas…...15

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Mr. Perez waives Oral Argument .

## <u>SUMMARY OF THE ARGUMENT</u>

(a) Mr, Perez pled in his initial complaint at the trial court the validity of the TMB Rule which purportedly allows the agency to revoke – by default – the right to work as a physician assistant;

(b) Mr. Perez did not waive his right to confront and cross examine witness witnesses by merely seeking a declaratory judgment;

(c) Mr. Perez has a constitutional and common law right to have the Constitution applied as intended by the voters in 1876;

(d) The doctrine of exclusive jurisdiction does not apply where, as here, a party asserts constitutional claims and the administrative agency has entered a final decision;

(e) Dismissal with prejudice was improper

(f) Mr. Perez leave to amend argument in order to add Mari Robinson , in her **individual capacity**, is meritorious'

## ARGUMENT

## I

### MR. PEREZ PLED THE VALIDITY OF THE TMB RULE WHICH PURPORTEDLY ALLOWS THE AGENCY TO REVOKE  - BY DEFAULT – THE RIGHT TO WORK   AS PHYSICIAN ASSISTANT

In their brief , the Appellees claim that Mr. Perez did not plead an APA Rule challenge  in his Petition for judicial review[1]. Mr. Perez objects.

The Appellee's assertion lacks candor. Mr. Perez **ENTIRE COMPLAINT** was devoted to the issue of the Constitutional and statutory authority of the TMB to revoke Mr. Perez' right to earn a livelihood either at the State Office of Administrative Hearings or by default.

Mr. Perez challenged the TMB's purported authority to enter an administrative default judgment since Mr. Perez had previously filed an answer[2]. The Appellees did not and could not, explain how the TMB has the authority to enter default judgments against a litigant who had

---

[1] Appellees' Brief in  Response to Appellant's Amended Initial Brief , Issue IV, page 6
[2] ROA Vol 1 of 2, pp 21 FN 36, p 44

previously filed an answer given the fact that Texas jurisprudence has nullified the practice since, at least, 1926[3].

Mr. Perez also objected because the TMB purportedly has the authority to determine if Mr. Perez' defenses are meritorious, within the meaning of the Craddock Test[4], even though it is not supposed to have the authority to enter declaratory judgments[5].

As stated in Mr. Perez initial Amended Appellate Brief[6] on or about March 7th, 2014[7] the Appellees engaged in ad hoc rulemaking.

Texas follows a fair notice standard for pleading, in which courts assess the sufficiency of pleadings by determining whether an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy[8]. A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim[9].

The purpose of this rule is to give the opposing party information

---

[3] Schulz v. Schulz, 726 S.W.2d 256, 258 (Tex. App.--Austin 1987, no writ); World Co. v. Dow, 116 Tex. 146, 287 S.W. 241, 243 (Tex. Comm'n App.1926, opinion adopted)
[4] ROA Vol 1 of 2 , p 18
[5] Westheimer ISD v. Brockette, 567 SW 2d 780 , 785 (Tex. 1978).
[6] Appellant's Initial Appellate Brief , pp 32-41, Issue III
[7] ROA Vol 2 of 2 pp 70-73
[8] Gutierrez vs. Portfolio Recovery Associates, LLC, NO. 03-13-00311-CV  (3rd DCA- February 26, 2015) citing Tex. R. Civ. P. 45 and 47
[9] id

sufficient to enable him to prepare a defense, accordingly, a plaintiff is not required to "set out in his pleadings the evidence upon which he relies to establish his asserted cause of action[10]. Furthermore, where, as here, the party opponent did not file special exceptions, a petition should be construed liberally in favor of the pleader[11].

Mr. Perez respectfully submits that the Third District Court of Appeals has authorized litigants to properly challenge the TMB rule which purportedly allows the agency to revoke the right to work in a profession, without cause, pursuant to the agency's alleged "default proceedings", please see the Texas State Board of Pharmacy v. Witcher, 447 S.W.3d 520 (3rd DCA - October 31, 2014) citing Rodriguez v. Service Lloyds Ins. Co., 997 S.W.2d 248 (Tex. 1999) and Railroad Commission of Tex. v. WBD Oil & Gas Co., 104 S.W.3d 69 (Tex. 2003).

As in Witcher, supra, Mr. Perez did use contested-case procedures to challenge the Board's ad hoc rule. He timely filed a motion for rehearing with the Board, complaining of the rule. When that was overruled, he timely filed a suit for judicial review, again complaining of the rule.

But, assuming arguendo, that Mr. Perez did not raise the issue in the

---

[10] id
[11] id

Trial Court the same is nevertheless properly before the Appellate Court[12].

## II

## MR. PEREZ DID NOT WAIVE HIS RIGHT TO CONFRONT AND CROSS EXAMINE ADVERSE WITNESS BY MERELY SEEKING A DECLARATORY JUDGMENT

The Appellees claim that Mr. Perez waived his right to confront and cross examine adverse witness by merely seeking a declaratory judgment[13] seeking to protect his Constitutional rights. Their position is wholly without merit[14].

## III

## MR. PEREZ HAS A CONSTITUTIONAL AND COMMON LAW RIGHT TO HAVE THE CONSTITUTION APPLIED AS INTENDED BY THE VOTERS IN 1876

The Appellees claim that PALA not the Constitution or common law , govern his "license"[15] Mr. Perez objects.

In support of their position the Appellees quote a case in which

---

[12] Appellant's Amended Initial Brief, item XV, pp 57-60.

[13] Appellees' Brief p6 ¶ 2

[14] ElderCare Properties, Inc. v. Texas Department of Human Services, 63 S.W.3d 551 (Tex. App. Dist.3 12/06/2001)( A validity challenge tests a rule on procedural and constitutional grounds); Texas Department of Insurance v. Reconveyance Services, Inc. and City of El Paso v. Heinrich. 306 S.W.3d 256 (Tex. 2010); Southern Ohio Coal Co. v. Donovan, 774 F.2d 693 (6th Cir. 10/02/1985) citing California Utilities Commission v. United States, 355 U.S. 534,  540, 2 L. Ed. 2d 470, 78 S. Ct. 446 (1958)( But where the only question is whether it is constitutional to fasten the administrative procedure onto the litigant, the administrative agency may be defied and judicial relief sought as the only effective way of protecting the asserted constitutional right)

[15] Brief p3 , FN 3

Mr. Perez' was not a party nor were any of his defenses  discussed:

Mr. Perez has relied, inter alia, upon:

(a) Tatro v. Texas, 703 F.2d 823 (5th Cir. 04/25/1983)[16] ( at common law, before the enactment of PALA, physicians could delegate their medical authority to any individual who the supervising physician believed was a qualified person)  ;

(b) The State v James A. Goldman, 44 Tex. 104 (1875) ( A Texas Supreme Court case,   contemporaneous with the Texas Constitutional Convention) (a medical license is merely a recognition that the holder is academically qualified within the meaning Article XVI, Section 31 and once a certificate of qualification was obtained the medical professional is to be left alone unless he commits malpractice)    ;

 (c) Scott v. Texas State Board of Medical Examiners, 384 S.W.2d 686, 690 (Tex. Sup. Ct -  1964) (At common law the right to earn a living could only be revoked for cause , in a civil jury trial in the district courts ;

(d) Spann v. City of Dallas, 111 Tex. 350, 235 SW 513,  514 (1921) in which Chief Justice Nelson Phillips stated "the Legislature has no authority to transgress upon the right of a citizen, who has committed no wrong. He has the right to acquire and own property, and to use it as he

---

[16] Citing Tex.Rev.Civ.Stat.Ann. art. 4495b § 3.07(i) (Vernon Supp. 1982-1983).

pleases so long as his act in such use harms no one, and so long as his permissive use by others of his property is innocently authorized. In our Constitution the liberties protected by the Bill of Rights are, by express provision, 'excepted out of the general powers of government.' It is declared that they 'shall forever remain inviolate,' and that 'all laws contrary thereto shall be void.' Texas voters have not amended the constitution in order to permit the legislature to use arbitrarily use police powers to take or seize the property of innocent Texans. Nor have Texas voters amended the Constitution to allow expand the police powers authorized by Article XVI, § 31.

(4) Chandler v. Miller, 520 U. S. 305, 308 (1997).The Fourth Amendment requires that searches and seizures be reasonable. A search or seizure is unreasonable in the absence of individualized suspicion of wrongdoing. At the time the matter was before SOAH or at the TMB no neutral magistrates had provided a detached judgment finding probable cause as required by the Fourth Amendment.

(5) A.R. Logan v. The State, 5 Texas Court Of Appeals 306 (Tyler-1878) At common law , the only police power affecting the medical profession

was Texas Constitution Article XVI, § 31[17].

Mr. Perez emphasizes and re-states that "constitution" has been defined as a "charter of government deriving its whole authority from the governed[18]. It is a compact between the government and the people in which the people delegate powers to the government and in which the powers of the government are prescribed[19].

By design, the framers of the Texas Constitution determined the constitution was to be a compact between the government and its citizens. Tex. Const. art. I, § 2 ("All political power is inherent in the people, and all free governments are founded on their authority, and instituted for their benefit)[20].

The guiding principle of construing a constitution is to ascertain and give effect to the intent of the voters who adopted it[21]. The provisions of the Texas Constitution mean what they meant when they were

---

[17] A.R. Logan v. The State, 5 Texas Court Of Appeals 306 (Tyler-1878) In A.R. Logan v. The State, Mr. Augustus R. Logan was indicted for practicing medicine without a certificate of qualification from the Board Of Medical Examiners. The Court of Appeals dismissed the indictment because Article XVI, Section 31 had not yet gone into effect. The Court ruled therein that the intent of the 1876 voters was to use Article XVI, Section 31 exclusively. That proviso has not been amended by state voters.

[18] Republican Party of Texas v. Dietz, 940 S.W.2d 86, 91 (Tex. 1997) (quoting Black's Law Dictionary 311 (6th ed. 1990)).

[19] id

[20] Republican Party, 940 S.W.2d at 91 n.6.

[21] Williams v. Castleman, 247 S.W. 263, 265 (Tex. 1922); Cox v. Robison, 150 S.W. 1149, 1151 (Tex. 1912).

promulgated and adopted, "and it does not lie within the power of the Legislature to change their meaning, or to enact laws in conflict therewith[22]. As the supreme court stated more recently, "In interpreting the Texas Constitution, Texas courts rely heavily on the literal text and are to give effect to its plain language[23].

The Constitutional convention of 1876 was provoked by a corrupt government in Austin wherein the judicial branch colluded with the executive branch[24].

## IV

### THE DOCTRINE OF EXCLUSIVE JURISDICTION DOES NOT APPLY WHERE, AS HERE, A PARTY ASSERT CONSTITUTIONAL CLAIMS AND THE ADMINISTRATIVE AGENCY HAS ENTERED A FINAL DECISION

The Appellees assert that that the doctrine of exclusive jurisdiction applies even where constitutional claims have been made[25]. Mr. Perez objects.

---

[22]   Jones v. Ross, 173 S.W.2d 1022, 1024 (Tex. 1943); see also Travelers Ins. Co. v. Marshall, 76 S.W.2d 1007, 1011-12 (Tex. 1934) (meaning of constitution does not change with circumstances to make a different rule in a case seem desirable).

[23]   Republican Party, 940 S.W.2d at 89; see also City of Beaumont v. Bouillion, 896 S.W.2d 143, 148 (Tex. 1995);.Satterfield v. Crown Cork & Seal Co., Inc., 268 S.W.3d 190 (Tex.App. Dist.3 08/29/2008

[24] https://lawweb.colorado.edu/profiles/pubpdfs/bruff/BruffTLR.pdf
Separation of Powers under the Texas Constitution , Texas Law Review, Vol 68, #7, June 1990, by Harold H. Bruff, Esq, Law Professor, University of Texas

[25] Appellees' Brief p7

The Texas Supreme Court adopted the principle[26] in, its seminal case, i.e., Texas Education Agency v Cypress Fairbanks, 830 S.W.2d 88 (May 6, 1992) case citing McNeese v. Board of Educ., Community Unit Sch. Dist. 187, 373 U.S. 668, 670-71, 10 L.Ed.2d 622, 83 S.Ct. 1433, (1963) and Damico v. California, 389 U.S. 416, 19 L. Ed. 2d 647 , 88 S. Ct. 526 (1967)(per curiam).

The Appellees categorized as meritless Mr. Perez claim that exclusive jurisdiction does not apply where, as here, a final administrative decision has been made [27]. Mr. Perez objects.

The 3rd DCA affirmed its previous ruling asserting that exclusive jurisdiction does not apply after an administrative decision has been made in WBD Oil & Gas Company v. Railroad Commission of Texas, 35 S.W.3d 34, 35 S.W.3d 34 (Tex.App. 02/04/1999) citing Amarillo Oil Co. v. Energy-Agri Prods., Inc., 794 S.W.2d 20, 26 (Tex. 1990) and Kenneth C. Davis, Administrative Law Treatise § 19.01, at 373 (1972).

## V

## DISMISSAL WITH PREJUDICE WAS IMPROPER

---

[26] We note, however, that the employees' Title 42 and constitutional claims are not affected by the doctrine of exhaustion of administrative remedies such that they must be originally considered by the TEA. Because of the nature of such claims, prior resort to the administrative process is not usually required

[27] Appellees' Brief, p7

The Appellees' claim that the dismissal with prejudice was proper.[28]

Mr. Pere objects.

Dismissals for lack of subject matter jurisdiction are without prejudice to refiling[29].

## VI

## MR. PEREZ LEAVE TO AMEND ARGUMENT IN ORDER TO ADD MARI ROBINSON , IN HER INDIVIDUAL CAPACITY,  IS MERITORIOUS

Mr. Perez claims that he should have been granted leave to amend to add Mari Robinson in her **individual capacity**  because state government employees may be sued in their individual capacities for damages, declaratory or injunctive relief pursuant to 42 USC 1983[30].

In the instant action Mr. Perez sued Ms Robinson pursuant to the ultra vires act[31]. Accordingly, Mr. Perez ought to have been given leave to amend in order to also sue Ms. Marie Robinson in her individual capacity[32].

---

[28] Appelles Brief page 8

[29] Hamilton v Washington, NO. 03-11-00594-CV (3rd DCA - December 23, 2014) citing Thomas v. Long,  207 SW 3d 334, 340 (Tex-2006)

[30] ROA, Vol 1 of 2, pp 150; Kentucky v. Graham, 473 U.S. 159, 165 (1985); Newman v. Bryan, 06-13-00063-CV (Tex.App. Dist.6 10/09/2013) citing *Aguilar v. Frias*, 366 SW 3d 271,  273 (Tex. App.—El Paso 2012, pet. denied)

[31] ROA , Vol 1 of 2, p 13, item 36

[32] ROA Vol 1 of 2, p 150-151; State v. Holland, 221 S.W.3d 639, 643 (Tex. 2007); Miranda, 133 S.W.3d at 226-27.

## CONCLUSION

WHEREFORE Mr. Perez respectfully submits that the trial court judgment

be reversed and the case remanded.

Respectfully Submitted,

_____/S/_Jose A Perez_____

34 Candle Pine Place
The Woodlands, TX 77381
theaesculapius@gmail.com
281-673-0452


## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing "Plaintiff/Appellant's Reply Brief " was served by emailing a copy thereof via the State efiling system on this 12th Day of April 2015 to:

Ted A Ross, Esq
Assistant Attorney General
PO Box 12548
Austin, TX 78711-2548
ted.ross@texasattorneygeneral.gov
Margaret.Evins@texasattorneygeneral.gov

_____/S/__ Jose A Perez _____


## TRAP 9.4(i)(3)
## CERTIFICATE OF COMPLIANCE

This brief was prepared with a conventional 14-point typeface, with footnotes in12-point typeface. The computer program used to prepare this document determined the word count to be 3239 which includes all words contained in this brief, excepting the cover page and index of authorities